Carl CHAUNCEY, Plaintiff–Appellee,

v.

**JDR RECOVERY CORPORATION,** Defendant–Appellant.

No. 96–3980.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1997.

Decided June 23, 1997.

Richard J. Rubin (argued), Santa Fe, NM, Mary C. Fons, Stoughton, WI, for plaintiff-appellee.

David A. McLean, William J. Rameker, Murphy & Desmond, Madison, WI, Thomas A. Zonay (argued), for defendant-appellant.

Before CUMMINGS, FLAUM and EVANS, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff Carl Chauncey sued defendant JDR Recovery Corporation alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692–1692*o*) ("FDCPA"). The defendant is a professional debt collection agency and wrote plaintiff on December 10, 1994, a letter seeking to collect a $1,541.28 debt allegedly owed to Bridgestone/Firestone. On December 8 of the following year, plaintiff sued defendant alleging two violations of 15 U.S.C. § 1692*g*(a). The suit sought statutory damages, costs and reasonable attorney's fees under 15 U.S.C. § 1692*k*.

On June 14, 1996, the district court handed down an opinion finding defendant liable on one claim of plaintiff and finding it unnecessary to rule on plaintiff's second claim because a single violation of the FDCPA is sufficient to entitle plaintiff to an award of statutory damages. However, the order did not determine the amount of statutory damages and attorney's fees but permitted the parties to put in evidence on those amounts.[1]

■ Defendant's notice of appeal stated that it appealed "from the order entered in this action on the 25th day of October, 1996." That order was the first one fixing plaintiff's attorney's fees and costs (SA 9–12). However, defendant is actually attacking the court's June 14, 1996, order which granted summary judgment for plaintiff but did not then determine statutory damages and attorney's fees (A.App-1–19). Although the notice of appeal

specified the October 25, 1996, order rather than the June 14, 1996, order, the validity of the October 25, 1996, order depended on the validity of the June 14, 1996, order. This notice defect did not mislead plaintiff. Therefore we will consider the earlier order. *Chaka v. Lane,* 894 F.2d 923, 924 (7th Cir. 1990); *Asset Allocation and Management Co. v. Western Employers Insurance Co.,* 892 F.2d 566, 569 (7th Cir.1989); see also 16A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3949.6.

■ The question before us is whether the dunning letter sent by defendant demanding payment within the 30–day debt validation period violates the FDCPA. The pertinent provision is contained in Section 1692g(a):

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and

---

1. Eventually statutory damages of $1,000 were awarded to plaintiff plus $1,475 in attorney's fees and $120 in costs (SA 16, 17).

address of the original creditor, if different from the current creditor.

Subsection (b) provides that if the consumer notifies the debt collector within the above 30–day period that the debt is disputed, the collector must cease collection of the debt (or the disputed portion) until the requested verification or identity of the original creditor is mailed to the consumer.

In the December 10, 1994, letter, defendant, a professional debt collection agency, mailed from its Ramsey, New Jersey, office to plaintiff at his address in Janesville, Wisconsin, a dunning letter seeking to collect the $1,541.28 debt allegedly owed to Bridgestone/Firestone. The letter provided as follows:

Dear Carl P. Chauncey,

Please be advised that we have been requested by [Bridgestone/Firestone] to assist them in the collection of the amounts due set forth above. Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the debt or any portion of it, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This is an attempt to collect on this debt. Any information obtained will be used for that purpose.

You may contact Ms. Mackenzie at (800) 793–3369 if you have any questions or if you would like to discuss this matter further.

Please include the above JDR number on the outside of your remittance envelope to insure proper credit. We trust your prompt response will make any further collection activities unnecessary. In the event we do not hear from you within the next thirty (30) days, further collection activities will be pursued to the extent permitted by law.

The district court granted summary judgment to plaintiff "because the thirty-day payment requirement set out in the [first paragraph of the] collection letter contradicts the mandatory validation notice disclosures allowing thirty days to dispute the debt" (A.App-1–2). We agree.

All Courts of Appeals which have addressed the issue in this case, including this Circuit, have held that, even though the § 1692g(a) information properly is included in a communication from a debt collector to a debtor, the debt collector may not overshadow or contradict that information with other messages sent with the validation notice or within the validation period. See *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir.1996); see also *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991); *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988). In *Avila*, the debtor received several letters, one of which contained an appropriate explanation of his verification right, but then followed up with the statement that "[i]f the above does not apply to you, we shall expect payment or arrangement for payment within ten (10) days from the date of this letter. If payment is not received, a civil suit may be initiated against you by your creditor for repayment of your loan...." *Id.* at 225. This Court found that the two statements were inconsistent and violated the FDCPA, explaining that it believed:

[T]he unsophisticated consumer would be scratching his head upon receipt of such a letter. He wouldn't have a clue as to what he was supposed to do before real trouble begins. A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message.

*Id.* at 226. We find such reasoning equally applicable in this case. The statement in the first paragraph of defendant's letter—"Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made"—contradicts the language in the letter explaining the plaintiff's validation rights under the FDCPA, which allows plaintiff 30 days in which to dispute the debt and request verification. We believe that the contradictions in the letter, as in *Avila,* would leave an unsophisticated consumer confused as to what his rights are and therefore violate the FDCPA.

Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (*i.e.,* "within thirty (30) days"). But the letter required that plaintiff's payment be *received* within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt. It is clear that Mr. Chauncey had the full thirty days to send his notification to defendant. Nothing in Section 1692g requires, and we have found no other court decision which has required, that the debt collector must *receive* notice of the dispute within thirty days as defendant insists. The district court's holding is consistent with *Avila,* 84 F.3d at 226, where we described Section 1692g as follows: "Essentially, the notice required by § 1692g must tell the target that she has 30 days to dispute the validity of all or a portion of the debt." If we were to hold that the validation request must be *received* by the thirtieth day, we would be rewriting Section 1692g, which we are not entitled to do. Accordingly the district court was correct in concluding that there was a contradiction in defendant's notice that could raise a dilemma for an unsophisticated consumer.

Judgment affirmed.