In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2119

Margaret Walker,

Plaintiff-Appellant,

v.

National Recovery, Inc.,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 4530--Morton Denlow, Magistrate Judge.


Argued November 1, 1999--Decided December 21, 1999


  Before Easterbrook, Ripple, and Diane P. Wood, Circuit
Judges.

  Easterbrook, Circuit Judge.  Notices sent to
debtors must not confuse them about the
verification rights established by the Fair Debt
Collection Practices Act, 15 U.S.C. sec.sec.
1692-1692o. See Bartlett v. Heibl, 128 F.3d 497
(7th Cir. 1997). How a particular notice affects
its audience is a question of fact, which may be
explored by testimony and devices such as
consumer surveys. We held accordingly in Johnson
v. Revenue Management Corp., 169 F.3d 1057 (7th
Cir. 1999), that a complaint alleging that a
particular notice confuses recipients may not be
dismissed under Fed. R. Civ. P. 12(b)(6)--not
only because "this notice is confusing" states a
claim on which relief may be granted, but also
because district judges are not good proxies for
the "unsophisticated consumers" whose interests
the statute protects. "Unsophisticated readers
may require more explanation than do federal
judges; what seems pellucid to a judge, a legally
sophisticated reader, may be opaque to someone
whose formal education ended after sixth grade.
To learn how an unsophisticated reader reacts to
a letter, the judge may need to receive
evidence." Johnson, 169 F.3d at 1060.

  Congress requires debt collectors to inform
debtors at the outset that the debtor has 30 days
to dispute the validity of the debt, and that in
response to a written request "the debt collector

will obtain verification of the debt [from the creditor] . . . and a copy of [the] verification . . . will be mailed to the consumer." 15 U.S.C. sec.1692g(a)(1)-(4). Debt collectors must desist from making additional demands until verification has been obtained and furnished. 15 U.S.C. sec.1692g(a)(5). Bartlett holds, and Johnson reiterates, that demands for immediate payment, or threats of immediate suit, may confuse recipients about their rights under the Act. A demand for immediate payment is not necessarily at odds with the statutory rights; consumers who acknowledge the validity of the debt must pay immediately, and if they do not pay they may legitimately be sued. But to an unsophisticated person--the Act's benchmark, see Gammon v. GC Services Limited Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)--the combination of a demand for prompt action with a notice that the recipient has 30 days to seek verification may produce befuddlement. Bartlett gave debt collectors a plain-language reconciliation that if used produces a safe harbor from suits alleging confusion. When the Bartlett language is not employed, however, a debt collector whose dunning letter suggests urgency must meet on the merits a contention that the letter would confuse an unsophisticated reader. See also Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996); Savino v. Computer Credit, Inc., 164 F.3d 81, 85-86 (2d Cir. 1998); Jeter v. Credit Bureau, Inc., 760 F.3d 1168, 1177-78 (11th Cir. 1985).

Johnson dealt with two letters. Each contained a paraphrase of the statutory notice. The first letter added:

If you fail to make prompt payment we will have no alternative but to proceed with collection, which may include referring this account for legal action or reporting this delinquency to the credit bureau. Should you wish to discuss this matter, contact our office and ask for extension 772.

The other related:
The above account has been placed with our firm for payment in full.
Call our office immediately upon receipt of this letter. Our toll free number is 1-800-521-3236.

Neither letter attempted to explain how a demand for "prompt" or "immediate" action could be reconciled with the statutory 30-day period. We held that each was potentially confusing and therefore that the complaints could not be dismissed under Rule 12(b)(6).

Plaintiff Margaret Walker received this letter (boldface in original):

Balance Due:$ 4130.82

Your past-due account with Commercial Credit has been placed with our company for immediate collection. Failure to respond may result in further collection activity and possible legal action.

Unless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within THIRTY (30) days from receiving this notice, this office will; [sic] obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please remit PAYMENT IN FULL with this letter to the address above or you may pay in person at our office. Make payment payable to NATIONAL RECOVERY, INC.

If you have any questions concerning your account please contact me at my office.

National Recovery did not demand "prompt payment" or an "immediate call" but did say that the account had been placed for "immediate collection"--and it did not endeavor to explain how collection could be "immediate" unless payment were made immediately. Just as in Bartlett and Johnson, the reader was left to speculate about the relation between "immediate collection" and the statutory 30 days to seek verification.

Issuing his opinion the day after we released Johnson, and without awareness of that decision, a magistrate judge, presiding by agreement under 28 U.S.C. sec.636(c), dismissed the complaint under Rule 12(b)(6) for failure to state a claim on which relief may be granted. 42 F. Supp. 2d 773 (N.D. Ill. 1999). The court concluded that the letter would not confuse its recipient: "Regarding the use of the word 'immediate' in the letter, instead of demanding an immediate response, the letter only stated that the debt had been submitted to the agency for immediate

collection. This is just a way of informing the debtor that the agency would go about its debt collection activities. . . . Thus, no response is asked for that contradicts Plaintiff's rights under the FDCPA. The only time period the debtor need worry about is the thirty-day time period set forth three times in the second paragraph." Id. at 778. In response to a motion for reconsideration, the magistrate judge concluded that his decision did not conflict with Johnson because the reference to "immediate collection" does not contradict any of the statutory entitlements. The magistrate judge wrote "that there was no possibility of confusion as a matter of law. In such a situation, since there is no possibility of confusion, there is no question of fact for the jury to decide and dismissal is proper because the plaintiff can prove no set of facts consistent with her allegations that would entitle her to relief." Id. at 783.

By concluding "that there was no possibility of confusion as a matter of law"--and then declining to allow Walker to demonstrate that there is confusion as a matter of fact--the magistrate judge disregarded the letter's actual effect on unsophisticated consumers. Whether a given message is confusing is, we held in Gammon, Bartlett, and Johnson, a question of fact, not of law or logic. Similarly in the law of trademarks, whether a mark, slogan, or trade dress is likely to confuse consumers about the source of the goods is a question of fact, not law. August Storck K.G. v. Nabisco, Inc., 59 F.3d 616 (7th Cir. 1995); Sunmark, Inc. v. Ocean Spray Cranberries, Inc., 64 F.3d 1055 (7th Cir. 1995); Scandia Down Co. v. Euroquilt, Inc., 772 F.2d 1423 (7th Cir. 1985). See also, e.g., Johnson & Johnson v. SmithKline Beecham Corp., 960 F.2d 294, 297-98 (2d Cir. 1992); Barber v. Kimbrell's Inc., 577 F.2d 216, 221 (4th Cir. 1978). See also Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844 (1982) ("mislabeling" under the trademark law is a question of fact). When the evidence is one-sided, then it is possible to end the case by summary judgment under Fed. R. Civ. P. 56. When the plaintiff decides to stand on her complaint and forego factual development, then the case may come to an end by judgment on the pleadings under Fed. R. Civ. P. 12(c). But a complaint that presents a claim turning on factual issues and inferences, as this one does, may not be terminated under Rule 12(b)(6).

Walker wants to show that, however lawyers read this letter, unsophisticated readers would be confused by it. It is possible to imagine facts that would support this conclusion. Perhaps a survey would show that four out of five high school dropouts would take the reference to

"immediate collection" to demand "immediate payment" notwithstanding the statutory time to request verification. Perhaps not. But a complaint may not be dismissed under Rule 12(b)(6) unless no relief may be granted "under any set of facts that could be proved consistent with the allegations". Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A judge may not toss out a complaint just because the judge believes that proof is unlikely to be forthcoming. Walker may well fail in her attempt to demonstrate that this letter confuses unsophisticated recipients. See Richard Craswell, Interpreting Deceptive Advertising, 65 B.U. L. Rev. 657 (1985); Craswell, Regulating Deceptive Advertising: The Role of Cost-Benefit Analysis, 64 S. Cal. L. Rev. 550 (1991). Still, because it is possible to imagine evidence consistent with the allegations of the complaint that would establish confusion, the complaint survives a motion to dismiss under Rule 12(b)(6). See also, e.g., Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998); Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998); American Nurses' Association v. Illinois, 783 F.2d 716, 727 (7th Cir. 1986). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

The conclusion that Walker's complaint states a claim on which relief may be granted and therefore may not be dismissed under Rule 12(b)(6) follows directly from the proposition that "confusion" is a matter of fact rather than law. It may be an "ultimate" issue in the case, and "mixed" with a legal dispute about how confusing is too confusing, but this does not make the subject less a matter of fact. Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709 (1986); Pullman-Standard v. Swint, 456 U.S. 273 (1982); Mucha v. King, 792 F.2d 602, 604-06 (7th Cir. 1986). See also, e.g., Scott v. Chicago, No. 99-1317 (7th Cir. Nov. 1, 1999), slip op. 2-3; Smith v. Cash Store Management, Inc., No. 99-2472 (7th Cir. Oct. 27, 1999), slip op. 4-5; Veazey v. Communications & Cable of Chicago, Inc., No. 98-2625 (7th Cir. Oct. 20, 1999), slip op. 3-5.

To say that a complaint may not be dismissed under Rule 12(b)(6) is not necessarily to say that the litigation need be prolonged. When the plaintiff attaches the debt-collection letter as an appendix, the district court may treat a motion to dismiss the complaint as one for summary judgment and require the plaintiff to come forward with proof. Moreover, we stressed in

Johnson and cases such as Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039 (7th Cir. 1999), that if a plaintiff who files a formally sufficient complaint does nothing to back it up after the defendant moves for dismissal, the district court may enter judgment on the pleadings under Rule 12(c). In Johnson we concluded that, "[i]f all the plaintiffs have to go on is the language of these letters, they must lose in the end." 169 F.3d at 1060. That is equally true of the letters in this case. But Walker told us, as she informed the district court, that she wants to adduce evidence of the letter's effect on readers, and that she does not propose to rest on the text of the letter alone. Walker is entitled to an opportunity to prove her contention that National Recovery's letter confuses unsophisticated recipients.

Because this opinion addresses an issue of general importance about the proper application of Rule 12(b)(6), we have circulated it to the full court under Circuit Rule 40(e). A majority did not favor a hearing en banc. Circuit Judges Manion, Kanne, and Evans voted to hear the case en banc; Circuit Judge Williams did not participate in the consideration or decision of this case.

Reversed and Remanded