**Jewel MARSHALL–MOSBY,**
**Plaintiff–Appellant,**

v.

**CORPORATE RECEIVABLES,**
**INC., and John Does 1–10,**
**Defendants–Appellees.**

No. 99–1217.

United States Court of Appeals,
Seventh Circuit.

Argued May 10, 1999

Decided Feb. 22, 2000*

* We vacated the original opinion in this case, *Marshall–Mosby v. Corporate Receivables, Inc.,* 194 F.3d 830 (7th Cir.1999), and granted rehearing pursuant to Rule 40(2)(4)(A) of the Federal Rules of Appellate Procedure, without further briefing.

Daniel A. Edelman, Cathleen M. Combs (argued), Edelman, Combs, & Latturner, Chicago, IL, for plaintiff-appellant.

David J. Chizewer (argued), Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Chicago, IL, for defendant-appellee.

Before BAUER, KANNE and EVANS, Circuit Judges.

KANNE, Circuit Judge.

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692$o$, mandates that debt collectors send a written validation notice containing certain information to a consumer debtor within five days after initial communication. The notice must include the amount of the debt, the name of the creditor and a statement that, unless the debtor "disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(1)–(3). In addition, the notice must disclose that the debt collector, upon written request by the debtor within thirty days, will provide verification of the debt and/or provide the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(4)–(5). If the debtor notifies the debt collector that the debt is disputed, or requests the name and address of the original creditor, within the

thirty-day period, then the debt collector "shall cease collection of the debt" until the debt collector obtains verification of the debt or the requested information is mailed to the debtor. 15 U.S.C. § 1692g(b).

On March 18, 1998, plaintiff Jewel Marshall—Mosby received a one-page form collection letter from defendant Corporate Receivables, Inc. ("CRI") that stated in pertinent part:

> \* \* \* THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY \* \* \*
>
> THE ABOVE ACCOUNT HAS BEEN PLACED WITH THIS OFFICE FOR IMMEDIATE COLLECTION. IF WE DO NOT RECEIVE THE BALANCE IN FULL OR HEAR FROM YOU, WE WILL BEGIN AGGRESSIVE COLLECTION PROCEDURES TO RECOVER THIS DEBT. PROTECT YOUR CREDIT—YOUR MOST VALUABLE ASSET.
>
> UNRESOLVED QUESTIONS REGARDING COLLECTION AGENCY LAW OR PRACTICE MAY BE SENT TO THE STATE BANKING DEPARTMENT, STATE OF ARIZONA, 2910 N. 44TH STREET, STE. 310, PHOENIX, AZ 85018.
>
> FOR EACH CHECK THAT IS RETURNED DUE TO NON-SUFFICIENT FUNDS, THERE WILL BE A $15.00 SERVICE CHARGE.
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Marshall–Mosby does not dispute that the collection letter which she received from CRI contained the validation notice required by the FDCPA.

On July 20, 1998, Marshall–Mosby filed her complaint in district court against CRI and John Does 1–10 claiming that the letter violated 15 U.S.C. § 1692g under the FDCPA because language in the letter contradicts and "overshadows" the disclosures required by the FDCPA. A copy of the CRI letter was appended to the complaint as the lone exhibit. The complaint identified defendants John Does 1–10 as unnamed officers, directors and employees of CRI personally involved in the execution of the letter. On November 6, 1998, CRI filed a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On January 21, 1999, the district court granted CRI's motion to dismiss. It ruled that the CRI letter "does not create the confusion and contradiction that other collection letters struck down in this court have" and "even the most unsophisticated consumer would know that other options, besides immediate payment, exist." Plaintiff appealed the district court's Rule 12(b)(6) dismissal, and we affirmed the dismissal in *Marshall–Mosby v. Corporate Receivables, Inc.*, 194 F.3d 830 (7th Cir. 1999).

A month later, the opinion in *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir.1999), was circulated to all judges of

this court in regular active service pursuant to Circuit Rule 40(f). A majority did not favor a rehearing *en banc* on the question addressed in *Walker*, concerning the application of Rule 12(b)(6) of the Federal Rules of Civil Procedure in FDCPA cases.[1] As a result, the original decision in this case was rendered inconsistent with the approach approved by a majority of the court in the Rule 40(f) circulation of *Walker*. Therefore, on December 21, 1999, we vacated our original affirmance and granted rehearing in light of *Walker*. For the reasons presented in the following discussion, we reverse dismissal under Rule 12(b)(6) and reman to the district court.

## I. ANALYSIS

▮▮ We review *de novo* a district court's decision to grant a motion to dismiss under Rule 12(b)(6), accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Porter*, 93 F.3d at 305.

▮▮ Marshall–Mosby does not allege that the CRI letter omits the required validation notice. Instead, she claims that additional language in the letter contradicts and "overshadows" the validation notice and thus violates the FDCPA. Indeed, we have held that a violation of the FDCPA occurs when a dunning letter is confusing to the unsophisticated reader, even if the letter technically complies with the FDCPA by including the required validation notice. *See Bartlett v. Heibl*, 128 F.3d 497 (7th Cir.1997); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir.1996). Debt collectors "may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett*, 128 F.3d at 500; *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir.1996); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991); *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir.1988). The key consideration is "that the unsophisticated consumer is to be protected against confusion whatever form it takes." *Bartlett*, 128 F.3d at 500; *see also Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir.1994). In analyzing dunning letters under the FDCPA, the critical question is "whether a dunning letter is confusing." *See Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060 (7th Cir.1999).

Marshall–Mosby contends that dismissal was improper because a plaintiff alleging that a collection letter is confusing in violation of the FDCPA survives Rule 12(b)(6) and is entitled to present evidence in support of her claim. We resolved this issue in *Walker v. National Recovery, Inc.*, 200 F.3d 500. We determined that confusion is a question of fact rather than a question of law, so plaintiffs are entitled to present empirical evidence that might show the dunning letter in question to be confusing in the eyes of the unsophisticated consumer. *Id.* at 503. In *Walker*, the district court dismissed the plaintiff's FDCPA complaint under Rule 12(b)(6) reasoning that "there was no possibility of confusion as a matter of law." *See Walker v. National Recovery, Inc.*, 42 F.Supp.2d 773, 783 (N.D.Ill.1999). We reversed because we determined that a FDCPA complaint states a legal claim, and therefore a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing. *Walker*, 200 F.3d at 503. The complaint was legally sufficient because "it [was] pos-

**1.** Circuit Judges Daniel A. Manion, Michael S. Kanne and Terence T. Evans voted to rehear *Walker en banc*. Circuit Judge Ann Claire Williams did not participate.

sible to imagine evidence consistent with the allegations of the complaint that would establish confusion." *Id.* Likewise, Marshall–Mosby's complaint alleged that CRI's dunning letter was confusing. Under *Walker,* her complaint was thus legally sufficient and survives a motion to dismiss under Rule 12(b)(6). The district court improperly dismissed Marshall–Mosby's complaint under Rule 12(b)(6), and we will reverse and remand for further proceedings.

Without having raised the statute of limitations in district court, CRI invoked for the first time in its appellee's brief the statute of limitations as an affirmative defense with respect to Marshall–Mosby's claims against John Does 1–10. Despite CRI's contrary assertions, the statute of limitations provision in the FDCPA is not a jurisdictional restriction. *See Central States, Southeast & Southwest Areas Pension Fund v. Navco,* 3 F.3d 167, 173 (7th Cir.1993) (holding that periods of limitations in federal statutes are "universally regarded as non-jurisdictional."). As such, CRI cannot raise on appeal its statute of limitations defense, nor can we review it *sua sponte.*

## II. CONCLUSION

For the foregoing reasons, we REVERSE the district court's dismissal under Rule 12(b)(6) and REMAND for further proceedings consistent with this opinion.