EASTERBROOK, Circuit Judge,
concurring in part and concurring in the judgment.
I join the judgment and all of the opinion other than the portions suggesting that a complaint may be dismissed under Fed. R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted when, after receiving an answer and considering evi-dentiary submissions, the judge believes that the defendants are immune from damages liability. Immunity is an affirmative defense. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). What is more, qualified immunity defeats only a particular remedy, money damages. Sometimes money is the sole relief a plaintiff could seek, and if damages are unavailable the case should be dismissed. But a complaint does not limit the available relief, see Fed.R.Civ.P. 54(c), so, even when qualified immunity from damages is certain, the complaint may pass muster. And judgment following the answer should come under either Rule 12(c) or Rule 56; dismissal under Rule 12(b)(6) is improper.
In Gomez the Supreme Court distinguished immunity from failure to state a claim on which relief may be granted. “By *775 the plain terms of § 1983, two — and only two — allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.” 446 U.S. at 640, 100 S.Ct. 1920. The complaint in Gomez contained both allegations, and the Court therefore reversed an order dismissing it under Rule 12(b)(6). Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), has since insisted that courts not alter the elements or burdens under § 1983 in the name of immunity. Cf. Leatherman v. Tarrant County, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (no “heightened pleading standard” in § 1983 cases). Any contrary decisions in this circuit cannot be reconciled with the instructions from the Supreme Court, and we should face up to this rather than say, as my colleagues do, that the use of Rule 12(b)(6) in immunity situations is a “delicate matter that district courts should approach carefully.” Maj op. 765 n. 3. Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal.
It is not possible to exclude use of Rule 12(b)(6), which covers “failure to state a claim upon which relief can be granted”. One can imagine circumstances under which the complaint sets out a “claim” within the ambit of Gomez yet narrates facts showing that it is impossible to award relief. For example, a litigant who demands damages from a Member of Congress on account of a speech made on the floor has pleaded himself out of court; it is not necessary for the defendant to assert immunity under Art. I § 6 cl. 1, because the complaint itself demonstrates that, however strong the claim in the abstract (perhaps the speech slandered a non-public figure), the court is forbidden to redress the injury. See Charles Allen Wright & Arthur R. Miller, 5 Federal Practice and Procedure §§ 1226, 1276 (2d ed.1990) (discussing built-in defenses). Sometimes a complaint designed to skirt round immunity may reveal the claim’s substantive weakness and justify dismissal on the merits under Rule 12(b)(6). See Buckley v. Fitzsimmons, 20 F.3d 789 (7th Cir.1994). As a rule, however, public officials’ immunity defenses are qualified rather than absolute, the officials may elect to defend on the merits rather than to claim immunity, and when defendants do assert immunity it is essential to consider facts in addition to those in the complaint. Considerations of immunity or other affirmative defenses rarely come to the fore until an answer has been filed. Defendants in this case filed an answer, to which they attached eviden-tiary materials. Rule 12(b) says that in such circumstances the judge must convert the proceedings to a request for summary judgment.
None of this is to deny what many cases have stressed: claims of immunity often justify dismissing a complaint in advance of discovery. But Crawford-El describes how this process should work. 523 U.S. at 598-99, 118 S.Ct. 1584. First is an answer followed by a response under Rule 7 or a motion for a more definite statement under Rule 12(e). Second is the use of Rule 26(c) to curtail or foreclose discovery. As we observed in Elliott v. Thomas, 937 F.2d 338, 344-46 (7th Cir.1991), which anticipated both Leatherman and Craivford-El, summary judgment is the right way to handle claims of immunity. See also Triad Associates, Inc. v. Robinson, 10 F.3d 492, 497 (7th Cir.1993). District judges sometimes try to resolve immunity defenses under Rule 12 because they believe that they must allow discovery before ruling on motions for summary judgment, but this is incorrect. Defendants may seek summary judgment “at any time”. Fed.R.Civ.P. 56(b). If immunity doctrines require decision without discovery (or with limited discovery), then district judges must use their authority under Rule 26(b)(2) and (c) to curtail or eliminate discovery and decide on the basis of affidavits and other evidence that can be produced *776 without compulsory process. Immunity does not justify decision on the basis of allegations instead of evidence (which is what judgment under Rule 12 entails) or a pretense that a complaint that meets the standards of Gomez doesn’t state a claim on which relief may be granted.
Nothing turns on the choice among Rule 12(b)(6), Rule 12(c), and Rule 56 in this case, because defendants are not entitled to immunity under any standard, but in other cases the choice between decision without evidence (Rule 12) and decision with evidence (Rule 56) could be decisive. Many district judges treat Rule 12(b)(6) as a grant of authority to terminate cases that lack promising futures. We resist this tendency in other corners of the law, e.g., Walker v. National Recovery, Inc., 200 F.3d 500 (7th Cir.1999); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998); Cook v. Winfrey, 141 F.3d 322 (7th Cir.1998); American Nurses’ Association v. Illinois, 783 F.2d 716, 727 (7th Cir.1986), and should do so in this corner too. See also, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).