In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3054

Wendy Buckley,

Plaintiff-Appellant,

v.

Bass & Associates and Patti H. Bass,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 4044--Wayne R. Andersen, Judge.

Argued January 8, 2001--Decided May 7, 2001


   Before Posner, Manion, and Kanne, Circuit
Judges.

   Posner, Circuit Judge. Buckley appeals
from the dismissal, for failure to state
a claim, of her class-action suit under
the Fair Debt Collection Practices Act,
15 U.S.C. sec.sec. 1692 et seq., against
a law firm, Bass, and its principal
partner (whom we'll ignore to keep things
simple). The record contains little
besides a letter addressed to Buckley on
Bass's letterhead, which reads in its
entirety as follows:

Wendy Buckley,
8639 S. 87th Ave Apt. 113
Justice, IL 60458

Client: Beneficial National Bank USA
Dealer: Kmart Corp.
Acct # : 7101593000064995

Dear Wendy Buckley

   This office has been notified that a
possible bankruptcy has been filed. We
have not yet received the bankruptcy
information. Please provide this
information in the spaces below and
return it as soon as possible.

   Thank you for your assistance.

Attorney's Name: __

Attorney's Address: _____
Attorney's Phone: (___)_____
Case Number: _____
Chapter: _____
Intention: _____
Date Filed: _____

Sincerely,

Ronald Key
Bankruptcy Paralegal

Bass specializes in representing creditors in consumer bankruptcies and did not send Buckley the follow-up letter to which section 1692e(11) (see next paragraph) refers. Buckley had not in fact filed for bankruptcy when the letter was mailed, though she did so a month later.

   The Fair Debt Collection Practices Act, so far as bears on this appeal, forbids a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. sec. 1692e; and such use includes a "failure to disclose in the initial written communication with the consumer [the debtor] . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." sec. 1692e(11). Buckley argues that Bass's letter violated this provision because it failed to disclose that the firm was trying to collect the debt she allegedly owed Beneficial. She argues that it violated another provision of the Act as well, sec. 1692g(a), which requires the debt collector, "within five days after the initial communication with a consumer in connection with the collection of any debt, . . . [to] send the consumer [unless the information was contained in the initial communication or the debt has been paid in full] a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," and two other types of information as well. The letter we have quoted was missing all but (2), the name of the creditor, and there was, as we mentioned, no follow-up notice within five days containing the

missing information.

The letter is not on its face a demand for payment. It does not ask for payment or even indicate how much is owing. Obviously, though, it seeks information that might later be used in an attempt to collect the debt. If Buckley had replied to the letter by saying that she had filed for bankruptcy, and had given Bass the information requested, Bass would have known that its next step should be either to seek reaffirmation of the debt if it was secured, Cox v. Zale Delaware, Inc., 239 F.3d 910, 912-13 (7th Cir. 2001); Aiello v. Providian Financial Corp., 239 F.3d 876, 878-79 (7th Cir. 2001); In re Turner, 156 F.3d 713, 715 (7th Cir. 1998); In re Kinion, 207 F.3d 751 (5th Cir. 2000), or to file a claim in bankruptcy if it was not. Bass is, remember, a specialist in consumer bankruptcies, and presumably would have taken action to collect Buckley's debt in bankruptcy (unless the amount of the debt is trivial, something we don't know) had Buckley replied that she had indeed filed for bankruptcy. If she replied that she had not filed for bankruptcy, Bass might then have sent her a demand, something it could not lawfully do if she had filed for bankruptcy, for in that event a demand for payment (as distinct from a nonthreatening offer of a debt-reaffirmation agreement, In re Duke, 79 F.3d 43 (7th Cir. 1996); Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 423 (6th Cir. 2000); cf. United States v. Nelson, 969 F.2d 626, 630 (8th Cir. 1992)) made by the creditor or the creditor's agent would violate the automatic stay (a statutory injunction) of efforts to collect a debt from a debtor in bankruptcy outside the bankruptcy proceeding itself. 11 U.S.C. sec. 362(a); Aiello v. Providian Financial Corp., supra, 239 F.3d at 879; In re Vitreous Steel Products Co., 911 F.2d 1223, 1231 (7th Cir. 1990); In re Del Mission Ltd., 998 F.2d 756 (9th Cir. 1993). Although Bass claims not to have been hired to collect Buckley's debt to its client, that claim is in some tension with its failure to deny that it is a debt collector, since if it were not a debt collector the Act would not be applicable to it at all. But maybe Bass simply chose not to include that ground in its motion to dismiss. There is no duty to include all possible grounds for dismissal in

such a motion.

We must decide whether the letter should be deemed "the initial communication with a consumer in connection with the collection of" the debt that the plaintiff is believed to owe Bass's client, thus triggering the duty to inform the debtor that it is indeed an effort at debt collection and to furnish her in the letter itself or in a separate letter sent within five days the warnings and other information required by the statute. Such a reading would be consistent with the statutory language, indeed is supported by it, but would have the surprising effect of outlawing such letters, however bona fide. The reason is the automatic-stay provision of the Bankruptcy Code. Should the recipient of the letter turn out to have filed for bankruptcy, the addition to the letter of language demanding payment would, as the cases we cited earlier make clear, place the sender in violation of the automatic stay. "Demands" that consist simply of noncoercive offers to enter into debt-reaffirmation agreements are an exception, as we noted earlier; and it is conceivable that if Bass had learned that the plaintiff was filing for bankruptcy, the next step would have been for its principal, the actual creditor, to make such an offer to the plaintiff. But if she was not in bankruptcy, more direct methods of collection would doubtless be used. Given the menace of the automatic stay, simple prudence should thus impel a debt collector who thinks the debtor may have filed for bankruptcy to try to verify this before sending her a dunning letter. To make such an inquiry a per se violation of the Fair Debt Collection Practices Act unless the debt collector revises the letter to make it an explicit demand for payment in unarguable violation of the automatic stay would place the two statutes on a collision course.

Against this the plaintiff argues that the debt collector can find out whether the debtor has filed for bankruptcy just by dialing up a database. This may be true, but the question of statutory interpretation is whether Congress when it passed the Fair Debt Collection Practices Act meant to preclude inquiries directed at the debtor concerning the debtor's bankruptcy status. We find this

hard to believe. Given that a debt collector or other creditor's agent has a legitimate interest in finding out the debtor's bankruptcy status, we do not think the Act makes such inquiries illegal per se.

Conceivably a letter ostensibly of inquiry might be reasonably interpreted as a demand for payment. Bass's letter refers to the creditor and to the transaction that gave rise to the alleged debt and inquires about the debtor's "intention" in the bankruptcy (if she has already filed for bankruptcy). A bankruptcy lawyer might interpret the reference to "intention" to be asking whether, if it is a secured debt, the debtor intends to reaffirm the debt, surrender the collateral, or redeem the collateral. See 11 U.S.C. sec. 521(2); In re Edwards, 901 F.2d 1383, 1385 (7th Cir. 1990); In re Kinion, supra, 207 F.3d at 756; In re Johnson, 89 F.3d 249, 251 (5th Cir. 1996) (per curiam). But maybe an unsophisticated debtor would read the inquiry about his intentions as an indirect demand for payment. ("What do you intend to do about this debt, Mr. Debtor?") And suppose Bass has a practice of sending the letter to every debtor whom it is hired to dun, regardless of whether it has any reason to believe that the debtor has filed for bankruptcy. Then debtors might read the letter as a threat to force them into bankruptcy if they don't indicate an "intention" to pay up.

That is one set of possibilities but another is that Bass is, as it claims to be, in the business of handling creditors' claims in bankruptcy proceedings, rather than being a collection agency in the usual sense. Then the letter would be a prelude not to a dunning letter but to the filing of a claim in bankruptcy by Bass's principal, represented by Bass as lawyer, and such claims are outside the scope of the Fair Debt Collection Practices Act. Bass wouldn't be a debt collector after all.

Despite the existence of these competing possibilities, we need not decide whether there is a state of facts consistent with the complaint that would show that Bass had violated the Act, in which event the complaint would ordinarily survive a motion to dismiss. E.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Walker

v. National Recovery, Inc., 200 F.3d 500, 503 (7th Cir. 1999); McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Casino Resource Corp. v. Harrah's Entertainment, Inc., 243 F.3d 435, 437 (8th Cir. 2001). For the plaintiff's lawyer made clear at argument that he was not seeking an opportunity to prove that Bass was in fact engaged in a scheme to collect debts. He does not want discovery. He wants a per se rule. He has staked his all on trying to persuade us that the letter on its face is the initial communication with the debtor to which the statute refers. Compare Walker v. National Recovery, Inc., supra, 200 F.3d at 504. It is not.

Affirmed.