# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-2328

_____

| | | |
|---|---|---|
| David Peters, on behalf of himself and all others similarly situated; | * * * | |
| Plaintiff-Appellant, | * * | Appeal from the United States District Court for the |
| v. | * | District of Nebraska. |
| General Service Bureau, Inc., | * * * | |
| Defendant-Appellee. | * * | |

_____

Submitted: December 14, 2001
Filed: January 28, 2002

_____

Before MURPHY and HEANEY, Circuit Judges, and PIERSOL,[1] District Judge.

_____

MURPHY, Circuit Judge.

David Peters brought this action against General Service Bureau, Inc. (GSB), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), alleging that GSB had sent him a false, misleading, and coercive collection letter.

_____

[1] The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

The district court[2] granted GSB summary judgment and denied Peters' motion to alter or amend the judgment. Peters appeals, and we affirm.

After Peters defaulted on a $408.80 debt for medical services, GSB became the assignee of the debt. GSB is a debt collection agency incorporated in Nebraska. It filed a petition in state court to recover the debt and sent Peters a copy, together with a letter requesting him to appear voluntarily. Both parties agree that Nebraska law permits the use of a voluntary appearance letter (VA) to effect service of process. See Neb. Rev. Stat. § 25-516.01. The VA sent by GSB informed Peters that if he did not consent within five days to appear voluntarily, the agency's "only alternative" would be to request personal service of process by a city constable at his residence or place of employment. The VA also stated that unless Peters agreed to "appear and deny the petition, or otherwise plead," a default judgment would be entered against him. It instructed Peters to "contact [his] own attorney" if he had any questions concerning the VA or proceeding before the court.

Peters originally included class allegations in his complaint, seeking statutory damages under 15 U.S.C. § 1692k(a) on behalf of all Nebraska residents who had received a VA from GSB in connection with the collection of a consumer debt. Peters later decided to abandon the class allegations and to proceed on his own behalf, alleging that the VA he received violates 15 U.S.C. § 1692d–1692f (barring abusive, false, and unfair debt collection practices). Both parties moved for summary judgment. During the hearing on the motions, the parties informed the court that there were fifty one other FDCPA cases against GSB in the district and that all would be affected by the decision in this case. The other cases were later gathered together for management purposes in a consolidated file and stayed pending the decision in this case.

_____

[2] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Peters argued to the district court that his VA contained a literally false statement because service by constable was not GSB's "only alternative" if he were to refuse to appear voluntarily. Nebraska law also permits service of process by certified mail or by authorized agent. Neb. Rev. Stat. § 25-505.01, -506.01. He also claimed that the words "appear" and "plead" were misleading because they implied that he must go to the courthouse or to GSB to contest his debt, but Nebraska law requires only a written response. Neb. Rev. Stat. § 25-503.01. Finally, Peters asserted that the VA was misleading and coercive because it did not inform him that he would have 30 days in which to respond. See id.

The district court concluded that the VA's "only alternative" statement was not false because service of process by a constable was GSB's only feasible option from the practical point of view, that the VA's use of the terms "appear" and "plead" was not misleading or confusing, and that the FDCPA did not require the VA to inform a debtor of the deadline for answering a petition. After stating these conclusions, the court commented that if any portion of the VA had been false or misleading, Peters would have had to "adduce evidence of the effect of the language on the reader" in order to succeed, citing Walker v. Nat'l Recovery, Inc., 200 F.3d 500 (7th Cir. 1999). After the district court granted summary judgment to GSB, Peters unsuccessfully moved to alter or amend the judgment, submitting affidavits from eight consumers who claimed to have been actually confused or misled by the VA.

Peters argues that the district court erred in its rulings and in relying on the Seventh Circuit Walker case which he claims conflicts with Duffy v. Landberg, 215 F.3d 871 (8th Cir. 2000). GSB responds that the district court did not err and that its mention of Walker was only dictum. Review of summary judgment is de novo, taking the evidence in a light most favorable to the nonmoving party. Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 770 (8th Cir. 2001). Orders denying motions to alter or amend a judgment are reviewed for abuse of discretion, Global

Network Technologies, Inc. v. Reg'l Airport Auth., 122 F.3d 661, 665-66 (8th Cir. 1997).

The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). It prohibits certain types of collection practices, such as the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls. 15 U.S.C. § 1692d. The FDCPA also contains general prohibitions on "conduct the natural consequence of which is to harasses, oppress, or abuse any person" (15 U.S.C. § 1692d), the use of "any false, deceptive, or misleading representation or means" (15 U.S.C. § 1692e), and any "unfair or unconscionable means to collect or attempt to collect a debt" (15 U.S.C. § 1692f). A successful plaintiff may recover actual damages, statutory damages up to $1,000, attorney fees, and costs. 15 U.S.C. 1692k(a). In his complaint Peters alleged that the VA sent by GSB violated several statutory prohibitions (§§ 1692d, 1692e, 1692f), but on appeal he focuses his argument on § 1692e.

In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer. Duffy, 215 F.3d at 873. The "unsophisticated consumer" test was adopted by the Seventh Circuit in Gammon v. G. C. Services Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994), which preferred it to the "least sophisticated consumer" standard used by a number of other circuits. See Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3rd Cir. 2000); Smith v. Computer Credit, Inc., 167 F.3d 1052, 1054 (6th Cir. 1999); Terran v. Kaplan, 109 F.3d 1428, 1431-32 (9th Cir. 1997); United States v. Nat'l Fin. Serv., Inc., 98 F.3d 131, 136-39 (4th Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985). These tests are designed to protect consumers of below average sophistication or intelligence, but they also contain an "objective element of reasonableness," Gammon, 27 F.3d at 1257, that

-4-

"prevents liability for bizarre or idiosyncratic interpretations of collection notices," Wilson, 225 F.3d at 354, quoting Nat'l Fin. Serv., Inc., 98 F.3d at 136. See also Duffy, 215 F.3d at 874-75.

Peters argues that any representation in a debt collection letter which is literally false violates § 1692e, regardless of the sophistication of the consumer. In support of this theory he relies on the Seventh Circuit decision in Avila v. Rubin, 84 F.3d 222, 227 (7th Cir. 1996).[3] Avila adapted trademark concepts to assess FDCPA claims, an approach continued in Johnson v. Revenue Management Corp., 169 F.3d 1057, 1060 (7th Cir. 1999) and Walker, 200 F.3d at 503. In the trademark context, a literally false advertising statement violates § 43 of the Lanham Act, 15 U.S.C. 1125, as a matter of law, but the question whether a statement is misleading or confusing is a matter of fact. Id. at 227, discussing Abbott Lab. v. Mead Johnson & Co., 971 F.2d 6, 13 (7th Cir. 1992). The Seventh Circuit has similarly reasoned that a literally false statement in a debt collection letter violates the statute as a matter of law, Avila, 84 F.3d at 227, but that the question whether a statement deceives or misleads is a "matter of fact rather than law," Walker, 200 F.3d at 503. Peters argues that because we used the Seventh Circuit's unsophisticated consumer standard in Duffy, we should also borrow from that court's trademark analysis and treat literally false statements as per se violations of § 1692e.[4]

---

[3] Peters also cites Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985), for the proposition that literal falsehoods are per se violations of § 1692e. Jeter did not make such a holding, however, but remanded for factual findings under § 1692e(5) and (10). Id. at 1175-78. At most, Jeter stands for the proposition that some circumstances might show a per se violation of § 1692e.

[4] Peters does not urge a complete adoption of the Seventh Circuit FDCPA approach, however, because he opposes the Walker requirement that a plaintiff show actual consumer confusion to prove a statement is misleading or confusing under § 1692e.

GSB argues that its VA is not false because it has no viable alternative other than service by constable. Its president testified that serving process by certified mail is administratively costly and has historically yielded a response rate of only about 10% in the area in which Peters resides. GSB also argues that the VA is not misleading from the perspective of an unsophisticated consumer because (1) GSB always elects to serve process by constable and (2) constable service is the inevitable consequence of not signing and returning the VA to GSB. The VA would be false if it stated that GSB's only alternative under Nebraska law is service by constable, but it does not do that.[5] Moreover, an unsophisticated consumer would not likely be interested in a listing of all types of service of process that GSB could theoretically employ. The unsophisticated consumer test is a practical one, and statements that are merely "susceptible of an ingenious misreading" do not violate the FDCPA. White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000) (description of rights belonging to Colorado residents does not misleadingly imply that residents of other states have no such rights). See also Duffy, 215 F.3d at 875. We conclude that the VA's "only alternative" statement is not literally false. Even if it were deemed to be literally false, however, it would not mislead because it effectively conveys the consequences of failing to sign and return the VA. We conclude as a matter of law that the statement does not violate § 1692e.

The VA states that a consumer who does not appear voluntarily must "appear and deny the petition, or otherwise plead" in order to avoid default judgment, and Peters argues that the terms "appear" and "plead" misleadingly imply that a consumer must show up at either the courthouse or GSB's office to contest the debt. GSB counters that the "appear" or "plead" language is taken from well established Nebraska case law, see, e.g., Murphy v. Murphy, 237 Neb. 406, 408 (1991) (default

_____

[5] GSB could have avoided an attack for falsehood by better drafting of the VA. A statement that serving process by constable is GSB's "only viable alternative" or that GSB "will serve process by constable" would have been truthful according to its evidence, clearer, and less subject to attack.

judgment filed when defendant failed to "plead or appear"), and that dictionary definitions of these words include their legal meanings. Although an unsophisticated consumer cannot be expected to know the legal meanings of terms, he or she would understand that the VA relates to the legal process and that it offers two options: to "appear and deny" a petition "or otherwise plead." The phrase "or otherwise plead" is sufficient to alert an unsophisticated consumer that he or she need not physically appear to deny a petition. The reference to other means of pleading could provide more information, but the VA is not so misleading as to violate § 1692e, particularly since the letter states, "If you have any questions concerning the use of the Voluntary Appearance, or proceedings before the Court, please contact your own attorney."

Peters notes that Neb. Rev. Stat. § 25-503.01 requires a defendant to respond "within thirty days," and he argues that the VA's failure to disclose this deadline is misleading. The thirty days begin to run only when process is served, and every summons must notify a defendant of that deadline. Neb. Rev. Stat. § 25-503.01. GSB points out that service of process is not effective until GSB has filed a signed and returned copy of the VA or has served process by constable. In either case, GSB then provides the consumer with a notice identifying the date by which an answer is due. We conclude that the failure to mention the thirty day deadline in the VA does not violate § 1692e.

Finally, Peters argues that the district court erred by referring to lack of evidence on "the effect of the language on the reader." He says the evidentiary requirement imposed by the Seventh Circuit in Walker conflicts with this court's Duffy decision. The district court made this reference after it had already concluded that GSB's statements were not false or misleading as a matter of law. It then went on to state that "assuming arguendo" the VA could be construed to be "false, deceptive, or misleading," Peters had not shown actual confusion. Our cases have not required a showing of actual confusion, see Duffy, 215 F.3d at 874-75, and this comment of the district court was not part of its holding and need not be addressed

here.  <u>Burdine v. Dow Chemical Co.</u>, 923 F.2d 633, 635 n.2 (8th Cir. 1991) (dicta will not be basis for reversal).

The district court denied without comment Peters' motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  Peters submitted eight affidavits with his motion, seeking to prove that consumers were actually confused or misled by the VA.  Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.  <u>See</u> <u>Garner v. Arvin Indus. Inc.</u>, 77 F.3d 255, 258-59 (8th Cir. 1996).  <u>See</u> <u>also</u> <u>Hagerman v. Yukon Energy Corp.</u>, 839 F.2d 407, 413-14 (8th Cir. 1987) (affirming denial of Rule 59 motion belatedly seeking to offer affidavits into evidence).  The district court did not abuse its discretion in denying Peters' motion to alter or amend the judgment.

Since the district court did not err in granting summary judgment to GSB or abuse its discretion in denying the post judgment motion to alter or amend, we affirm the judgment.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS,  EIGHTH CIRCUIT.

-8-