NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2014[*]
Decided March 27, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 13-3522 | Appeal from the United States District Court for the |
| BRUCE LIVINGSTON,<br> *Plaintiff-Appellant*, | Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 2166 |
| TRUSTGUARD INSURANCE,<br> *Defendant-Appellee*. | Joan B. Gottschall,<br> *Judge*. |

**O R D E R**

Bruce Livingston filed a claim with Trustguard Insurance seeking underinsured-motorist coverage through his car-insurance policy. The policy required Livingston to exhaust the limits of "any" policies covering the underinsured motorist. Trustguard

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

denied the claim on the ground that Livingston had exhausted only one of the underinsured driver's two policies, and Livingston sued Trustguard for breach of contract and consumer fraud. The district court granted judgment on the pleadings, agreeing with Trustguard that requiring Livingston to exhaust "any" policies of the underinsured means "all" of them. Because the court correctly construed the insurance policy, we affirm the judgment.

Livingston was involved in a car accident in 2009, and he sought to recoup expenses related to his neck and shoulder injuries by suing the other driver in state court. The other driver was covered by two insurance policies; he had a personal liability policy with a $100,000 coverage limit, and the borrowed car he had been driving was separately insured by a $100,000 policy through another insurance company. After the company insuring the borrowed car settled with Livingston (paying out the full $100,000), he submitted a claim for underinsured-motorist coverage under his Trustguard policy. A provision relating to that coverage requires him to exhaust the limits of "any" applicable policies before Trustguard is obligated to pay: "We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements … ." Based on the view that this provision required Livingston to exhaust the coverage of both policies covering the other driver, Trustguard denied his claim.

Livingston then brought this diversity suit against Trustguard. For his breach-of-contract claim, Livingston contends that he exhausted "any applicable bodily injury bonds or policies" by collecting insurance proceeds from one of the other driver's two insurers. He argues that the provision's requirement is at least ambiguous enough to require discovery, and he adds that it is wrong to grant judgment against a plaintiff on the pleadings if the case involves the interpretation of a complicated document and the plaintiff is an "unsophisticated reader." As for consumer fraud, Livingston alleges that Trustguard used the word "any" to trick him into buying a more expensive policy that he thought allowed him to exhaust fewer than "all" of an underinsured's policies. The district court granted Trustguard's motion for judgment on the pleadings, ruling that the word "any" unambiguously means "all" in the context of the exhaustion provision. The court also ruled that Livingston failed to plead a claim of consumer fraud with required particularity.

Livingston renews his arguments on appeal, but before addressing the merits, we briefly pause to consider Livingston's statements, made in his reply brief, that he has now exhausted both of the other policies and that Trustguard has "admitted coverage"

(though it hasn't yet paid anything). Because this case turns on the scope of the exhaustion requirement, these statements raise the question whether the case is moot. On this record, however, we cannot say that it is. If Livingston's interpretation of the policy is correct, he might be able to obtain contract damages for Trustguard's delay in paying him. And even if his contract claim were moot, Livingston separately seeks restitution in his consumer-fraud claim for allegedly inflated premiums. With some relief still possible, the case is not moot, *see In re Envirodyne Indus., Inc.*, 29 F.3d 301, 303–04 (7th Cir. 1994), and we may proceed to the merits.

We first address Livingston's argument that because he is an unsophisticated reader, the court couldn't grant judgment on the pleadings based on the meaning of the word "any." He latches on to language in our cases involving claims that debt collectors issued confusing notices of verification, *see, e.g., Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1058–60 (7th Cir. 1999). But those cases were based on provisions of the Fair Debt Collection Practices Act, 15. U.S.C. § 1692e *et seq.*, and don't apply to a case involving the meaning of an insurance policy, which is a contract under Illinois law, *see Hobbs v. Hartford Ins. Co.*, 823 N.E.2d 561, 564 (Ill. 2005). An ambiguous provision in Livingston's policy should be construed liberally in his favor, *see id.*, but unambiguous provisions must be applied as written, *see Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007); *Hobbs*, 823 N.E.2d at 564. Our task, then, is to decide whether the contested provision is ambiguous—that is, if it is "subject to more than one reasonable interpretation." *Hobbs*, 823 N.E.2d at 564; *see also Gallagher*, 874 N.E.2d at 58.

Livingston argues that "any" sometimes means "one" and other times means "all." He is correct, of course, but that doesn't lead us to find an ambiguity here because the context in which "any" appears makes its meaning clear. *See United States v. Costello*, 666 F.3d 1040, 1044 (7th Cir. 2012) ("[T]he meaning of sentences depends critically on context … ."); *Gallagher*, 874 N.E.2d at 58 ("[W]ords derive their meaning from the context in which they are used … ."). The policy says that Trustguard has to pay underinsured-motorist coverage only after "any applicable bodily injury bonds or policies have been exhausted." The only way to make sense of that provision grammatically is to interpret "any" as meaning "all," for it modifies a plural phrase: "applicable bodily injury *bonds or policies have* been exhausted." Livingston's view that Trustguard must pay after only *one* applicable bond or policy *has* been exhausted—no matter how many are applicable—is implausible without altering the wording (as we did in this sentence, for example) or ignoring the grammatical context.

Nor does Livingston's interpretation fit with the insurance policy as a whole. *See Hobbs*, 823 N.E.2d at 568 (explaining that "an insurance policy must be interpreted from an examination of the complete document"); *In re Estate of Striplin*, 807 N.E.2d 1255, 1260–61 (Ill. App. Ct. 2004) ("Any provision of a lengthy document is bound to be ambiguous in the sense that it creates questions that can be answered only with reference to other portions of the document. That is why all provisions of an insurance policy must be construed together."). The policy provides underinsured-motorist benefits only when the insured cannot obtain payment from a variety of collateral sources; the "limit of liability" section reduces Trustguard's liability by amounts Livingston receives from the other driver or anyone paying on the other driver's behalf (paragraph B), as well as from any insurers providing Livingston with automobile-medical-payments coverage and from any governmental agency providing benefits under laws relating to workers' compensation or disability benefits (paragraph D). These liability limitations confirm that the coverage applies only when *all* of the other driver's insurance and other-mentioned sources fall short.

Livingston also challenges the dismissal of his consumer-fraud claim, arguing that he couldn't plead more without the chance to conduct discovery. But the premise underlying his claim is that the exhaustion requirement is at least ambiguous; otherwise he couldn't argue that Trustguard used the word "any" to trick him. As we have explained, the exhaustion requirement is clear, so his claim fails.

AFFIRMED.