STEPHEN R. BOUGH, JUDGE
This matter was removed to this Court from Jackson County Circuit Court on October *710 7, 2014. Thereafter, the parties filed a series of related motions. Defendant AllianceOne Receivables Management, Inc. filed a Motion to Dismiss Pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. # 10). In response, Plaintiff Gloria D. Alexander opposed the motion and filed Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 17), including the proposed Amended Complaint as an exhibit (Doc. # 17-1). Defendant then filed a reply in support of its motion to dismiss as well as a response in opposition to Plaintiff's Motion for Leave to File Amended Complaint. On March 13, 2015, Plaintiff filed an Amended Motion for Leave to File Amended Complaint (Doc. # 32) to correct two inadvertent errors to the jurisdictional allegations that were stated in the proposed Amended Complaint submitted to the Court. Plaintiff made no other changes to the proposed Amended Complaint.
As the pending motions are now ripe and for the reasons stated herein, it is ORDERED that: 1) Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. # 10) is DENIED; 2) Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 17) is DENIED as moot; and 3) Plaintiff's Amended Motion for Leave to File Amended Complaint (Doc. # 32) is GRANTED.
I. Legal Standard
Defendant brings its motion to dismiss under Fed. R. Civ. P. 12(b)(6). In order to survive the motion to dismiss, Plaintiff's complaint must meet the standard set out in Rule 8(a), which requires that a plaintiff plead sufficient facts to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient. Id.
In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. Great Plains Trust Co. v. Union Pac. R.R. Co. , 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the Court to draw a reasonable inference that Defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. Iqbal , 556 U.S. at 678, 129 S.Ct. 1937. An exhibit to a pleading is considered part of the pleading for all purposes. Fed. R. Civ. P. 10(c).
Plaintiff filed her Motion For Leave to File Amended Complaint twenty-four (24) days after Defendant filed its motion to dismiss. Had Plaintiff filed an amended complaint just three days earlier, she could have done so as a matter of course and without the Court's leave. See Fed. R. Civ. P. 15(a)(1)(B). Even so, when ruling upon a motion for leave to amend, particularly where, as here, the motion was made within the timeframe for amending the pleadings as set forth in the scheduling order, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend if the amendment would be futile. Trademark Med., LLC v. Birchwood Labs., Inc. , 22 F.Supp.3d 998, 1002 (E.D. Mo. 2014). "An amendment is futile if 'the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed. R. Civ. P.' " Id. (citation omitted).
II. Background
At this stage, the Court makes no findings of fact but instead relies solely on the *711 allegations made by Plaintiff in the removed, state-court Petition and in the proposed Amended Complaint. This lawsuit arises out of an alleged attempt by a third-party debt collector to recover interest on a "charged off"[1] debt. Plaintiff alleges Defendant sent her a debt-collection letter that violated the Fair Debt Collection Practices Act ("FDCPA") in that it threatened to charge her contractual interest under the credit agreement when the original creditor, Capital One Bank, N.A. had waived any right to collect interest on the debt by "charging off" the account and ceasing to send Plaintiff periodic billing statements. The letter, which is incorporated into the Petition by reference and attached to the Petition as an exhibit, states in relevant part that "[a]s of the date of this letter, you owe $1,607.65. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor." Pet. Ex. A. (Doc. # 1-1) (emphasis added).[2]
The removed, state-court Petition contained one count, a violation of the FDCPA, 15 U.S.C. § 1692f(1), which provides:
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
The proposed Amended Complaint contains two additional counts for violation of different provisions of the FDCPA, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(5), which provide:
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of-
(A) the character, amount, or legal status of any debt; ...
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
More specifically, Plaintiff alleges that the original creditor, Capital One, waived any right to charge interest on Plaintiff's account, contractual or statutory. Amended Complaint (Doc. # 17-1, ¶¶ 23, 25). In support of waiver, Plaintiff alleges that her "credit report with Equifax indicated that Capital One had ceased charging interest on all accounts listed as charged off prior to" Defendant's letter and that Capital One had ceased sending her periodic billing statements as required by Regulation Z, implementing 15 U.S.C. § 1637(b) of the Truth in Lending Act, in order to charge any additional fees or interest on the account. Amended Complaint (Doc. # 17-1, ¶¶ 8, 15-21). As a result, Plaintiff further alleges that Defendant had no legal basis for charging interest on the account but that its letter constituted a threat to *712 charge and collect contractual interest. Amended Complaint (Doc. # 17-1, ¶¶ 26, 28-29). This threat to charge and collect contractual interest, Plaintiff alleges, was not allowed by law or agreement and constituted a threat to apply interest the original creditor was not adding and did not intend to add, in violation of 15 U.S.C. §§ 1692f(1), 1692e(2)(A) and 1692e(5).
III. Discussion
Defendant argues in its briefing on the motion to dismiss that the removed, state-court Petition fails to state a claim for three reasons: 1) Defendant was allowed to accrue statutory prejudgment interest; 2) Plaintiff failed to plead facts sufficient to infer waiver of the original creditor's right to collect interest; and 3) the conditional language used in Defendant's letter insulates it from liability. In responding to Plaintiff's Motion for Leave to File Amended Complaint, Defendant argues that leave should be denied because the proposed Amended Complaint would be futile in that it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for the same reasons that the removed, state-court Petition fails to state a claim. Accordingly, the Court will address each of Defendant's arguments in turn as resolution of these issues will resolve both pending motions.
First, Defendant argues that even if its debt-collection letter threatens the collection of interest, it was allowed to accrue statutory interest, and as a result, the subject letter cannot be proven to violate the FDCPA provisions at issue. Defendant's position ignores that Plaintiff's proposed Amended Complaint alleges the imposition of contractual interest that was waived by the original creditor. This allegation in conjunction with language in the debt-collection letter, which refers to the imposition of "interest ... if so provided in your agreement with your original creditor" is sufficient to state a claim for relief that is plausible on its face.
In support of its position, Defendant relies upon cases that are readily distinguishable. In Peters v. Northland Group, Inc. , No. 14-0488-CV-W-ODS, 2014 WL 4854658, *2 (W.D. Mo. Sept. 30, 2014), the court denied a motion to dismiss and granted leave to file an amended complaint where Plaintiff did not specify in the complaint that Defendant "charged the improper (contractual) interest." In Peters v. Fin. Recovery Servs., Inc. , 46 F.Supp.3d 915, 918 (W.D. Mo. 2014), the court granted a motion to dismiss for failure to state a claim stating, "Plaintiff has not adequately asserted facts to support her claim because she has not specified that the type of interest charged was at the contractual rate." Finally, in Kirk v. LVNV Funding, LLC , No. 14-00516-CV-W-DW, slip op. (Doc. 25) at *4, 2014 WL 12540481 (W.D. Mo. Oct. 29, 2014), the court granted a motion to dismiss for failure to state a claim "because the complaint [did] not specify that interest was charged at the contractual rate[.]"
Second, Defendant argues that Plaintiff failed to plead "facts that plausibly show the original creditor waived the right to collect interest." Suggestions in Support of Motion to Dismiss (Doc. # 11, p. 5). In Kirk , however, a case relied upon by Defendant in a different context, the court was faced with a very similar set of factual allegations and found that the plaintiff's complaint established a plausible claim that the original creditor waived its right to collect interest. No. 14-00516-CV-W-DW, slip op. (Doc. 25) at *3. There, the complaint alleged that the original creditor charged off the account and stopped sending periodic billing statements to the plaintiff pursuant to the charge off exception under TILA, which precluded the original creditor in whose shoes the defendant now *713 stood, from charging additional interest. Id. Accordingly, the court denied dismissal on that issue. Id. As in Kirk , Plaintiff has pleaded sufficient factual allegations to state a plausible claim that the original creditor waived its ability to charge interest and that the Defendant was thereby precluded from doing the same.
Finally, Defendant argues that its use of conditional language in the debt-collection letter insulates it from liability, i.e. by stating that it "may" add accrued interest "if so provided" in the agreement, Defendant made a true statement that could not mislead even the "least sophisticated consumer." Reply in Support of Defendant's Motion to Dismiss (Doc. # 25, p. 2-3). In the Eighth Circuit, "[i]n evaluating whether a debt collection letter is false, misleading or deceptive, the letter must be viewed through the eyes of the unsophisticated consumer."[3] Duffy v. Landberg , 215 F.3d 871, 873 (8th Cir. 2000) (citation omitted). This standard is
designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.... This standard protects the uninformed or naïve consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters.
Id. at 874-75 (citations and internal quotation marks omitted). For Plaintiff's claims to survive a motion to dismiss, it must be plausible that an unsophisticated consumer would believe that by sending the letter, Defendant was attempting to collect fees or interest that it could not collect. At this early stage in the litigation, the Court cannot say that Plaintiff will be unable to show that an unsophisticated consumer would find Defendant's debt-collection letter misleading as Plaintiff has alleged.
In support of its position, Defendant relies primarily upon Taylor v. Cavalry Inv., L.L.C. , 365 F.3d 572, 574-75 (7th Cir. 2004). In Taylor the Court consolidated two closely related cases on appeal where the debtors brought FDCPA claims against two debt collectors. Id. at 574. One matter was on appeal from the grant of a motion for summary judgment in the debt collector's favor, and the other matter was on appeal from the grant of a motion for judgment on the pleadings in the debt collector's favor. Id. at 574, 576. The debt-collection letters at issue included conditional language similar to that in Defendant's letter. Id. at 574-75. In affirming both decisions, however, the court specifically based its holding on the fact that the plaintiffs' only proof in support of the debt-collection letter being misleading to an unsophisticated consumer were affidavits that the plaintiffs were "confused" by the letters. Id. at 575-76. Accordingly, Taylor provides no support for Defendant's argument that Plaintiff's Amended Complaint fails to state a claim at this early stage when discovery is not complete.
Accordingly, it is hereby ORDERED that:
1) Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. # 10) is DENIED;
2) Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 17) is DENIED as moot; and
3) Plaintiff's Amended Motion for Leave to File Amended Complaint (Doc. # 32) is GRANTED.
*714 Plaintiff shall file her Amended Complaint in a form that complies with footnote 2 stated herein, by Friday, March 27, 2015.
IT IS SO ORDERED.

A "charge off" is a bad debt that is treated as a loss because payment is unlikely. Black's Law Dictionary 266 (9th ed. 2009).

The Court notes Plaintiff's counsel repeatedly misquoted the letter by leaving out the word "if," even after defense counsel called attention to this error. Plaintiff is directed to correct this misquotation in filing its Amended Complaint and to ensure that the letter is accurately quoted in all future filings with the Court.

The "unsophisticated consumer" standard used in the Eighth and Seventh Circuits is slightly different than the "least sophisticated consumer" standard referenced by the Petition and used in other circuits. Peters v. Gen. Serv. Bureau, Inc. , 277 F.3d 1051, 1055 (8th Cir. 2002).